## Case No. 209.

### In re ALLEN.

[2 Month. Jur. (1878,) 58.]

District Court, N. D. New York.

BANKRUPTCY — COMPOSITION — CONFIRMATION BY COURT.

[The court must confirm a composition agreed upon by the requisite majority of the creditors where they are not shown to have some other motive than the desire to promote their own interests, as well as those of the other creditors, and where the composition will actually benefit all, though the bankrupt has made an assignment to a favored creditor, procured the petition in bankruptcy to be filed against himself, and taken proceedings to effect the composition solely in his own interest.]

[In bankruptcy. In the matter of the confirmation of a resolution of composition by the creditors of Anson C. Allen, Daniel Straus, and Solomon Straus, bankrupts.]

WALLACE, District Judge. The requisite quorum of creditors having assented to the resolution for composition, confirmation is opposed by dissenting creditors, on the grounds that the interests of creditors will not be promoted by the composition. The evidence presented discloses the common case of a composition conceived in the interests of the bankrupts. When insolvency was apprehended, the bankrupts began paying themselves and their favored creditors out of the firm assets, then attempted to compromise with their creditors; failing in this, made an assignment to a favored creditor; and shortly afterward procured a petition in bankruptcy to be filed against themselves, and thereupon took proceedings to effect a composition. In the mean time the bankrupts have had charge of their property ostensibly as agents for the assignee and the purchaser from the assignee. The attorneys who advised the assignment, and prosecuted

the petition in bankruptcy, now represent most of the creditors. From the beginning to the end of the transactions, not one step has been taken to protect the interests of the creditors. It shocks the moral sense to assist this dishonest scheme by judicial action. But this court is only an instrument to administer the law as it finds it. The bankrupt law permits just such schemes as this, and, if the requisite number of creditors consent, the court is powerless, unless it shall appear that the interests of the creditors will not be promoted by the terms of the composition. If, looking at the assets of the estate in their present condition, it is apparent that the pecuniary interests of the creditors will be better promoted by the composition than by administering the estate in bankruptcy, there is no alternative but to confirm the resolution of composition. I am constrained to agree with the register, that the interests of the creditors here will be promoted by confirming the resolution. I cannot say that there are any circumstances to show that the assenting creditors have been actuated by any motive other than to promote their own interests, as well as those of all the creditors. All the assets of the estate rest in litigation, and it seems to me a prudent consideration of the contingencies dictates the acceptance of the offer of the bankrupts. It is probable the bankrupts will profit by the composition, but this by no means proves that it will not be advantageous to the creditors.